[No. 5886. Decided January 13, 1906.]

R. F. PARKHURST, *Respondent,* v. WILLIAM R. DICKINSON *et al., Appellants.*[1]

VENDOR AND PURCHASER—ATTEMPTED RESCISSION BY VENDEE—DEFECT IN TITLE—FAILURE TO TENDER RECONVEYANCE—LIABILITY TO ASSIGNEE OF VENDOR FOR BALANCE OF PURCHASE PRICE. Where a conveyance of land was made subject to approval of the title by the vendee, in consideration of $500 in cash, $500 to be paid on approving the title, and the balance by the discharge of a debt due from the vendor to the vendee, and pending the approval of the title the vendor assigns the contract for the $500 still due, to a third person, the vendee cannot, on finding the title defective, rescind the contract without tendering a reconveyance; and where rescission was attempted but found impracticable because of the vendor's inability to return the

1Reported in 83 Pac. 895.

money paid, and the vendee sold the land in an attempt to reim-
burse himself for the money paid and the previous indebtedness, he
affirms the contract, and is liable to the assignee thereof for the
balance due on the purchase price (ROOT, J., dissenting).

Appeal from a judgment of the superior court for King
county, Albertson, J., entered November 2, 1904, upon find-
ings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action on contract.
Affirmed.

*George E. de Steiguer,* for appellants.

*Jerold Landon Finch (Wilson & Thorgrimson,* of counsel),
for respondent.

FULLERTON, J.—On and prior to October 11, 1901, one
Wakefield was indebted to the appellant William R. Dickin-
son in the sum of $1,000, for money which he had received
as the agent of Dickinson. At that time he held for sale cer-
tain real property, which stood in the name of one Florence
Ready. Wakefield proffered this property to Dickinson for
a consideration of three thousand dollars, one thousand to be
paid by the assumption of a mortgage on the property for
that amount, one thousand by the cancellation of the debt
from Wakefield to him, and one thousand dollars in cash
payable to Wakefield. Dickinson agreed to take the property
provided the title proved satisfactory. Wakefield caused the
property to be conveyed to Dickinson, who paid him at that
time five hundred dollars and gave him a writing of which
the following is a copy:

"I have this day received from you deed of conveyance of
the following described premises situated in King county,
state of Washington, and particularly described as follows,
to wit: Lot six (6) in block three (3) of Bigelow's Addi-
tion to the City of Seattle, according to the recorded plat
thereof; and paid to you the sum of five hundred dollars
($500) upon the purchase price thereof, such purchase price
to be in all one thousand dollars ($1,000). Upon the ap-

proval of the title to said premises by my attorney and upon my being satisfied that there are no unpaid claims for labor or material furnished in the improvement of said premises, then I am to pay you the balance of the purchase price, to wit: the sum of five hundred ($500) dollars."

Thereafter an abstract of the title to the property was handed Dickinson's attorney for examination, and was pronounced by him to be defective. Dickinson thereupon sought to rescind, but as Wakefield was unable to repay the money advanced, this was found to be impossible. After much negotiation the parties settled the matter in this manner: Dickinson made a deed to the property to Florence Ready, and placed it in escrow, with instructions to deliver it to Wakefield on payment of the five hundred dollars advanced on the purchase price of the property at the time the contract of purchase was entered into, and the one thousand dollars Wakefield was then owing him. In the meantime, Wakefield had assigned the writing above quoted for value, and in due course it came into the possession of the respondent, who brought this action to recover upon it.

The foregoing is in brief the salient facts of the case, and on them the trial court held the respondent entitled to recover. It seems to us that this conclusion is just. After Wakefield had parted with his title to the writing he could make no contract with Dickinson that would affect the holder of that instrument. Nor did it become nugatory from the mere fact that Dickinson's attorney pronounced the title defective. Doubtless this fact gave Dickinson the right to rescind the contract, and to recover from Wakefield the money advanced him on account of the purchase price. To do this he was required to reconvey the property to his grantor and tender the deed to Wakefield. But he chose to keep the property, and subsequently disposed of it so as to recover, not only the five hundred dollars advanced as part of its purchase price, but the one thousand dollars Wakefield owed him. This was an affirmance of the contract of sale, not a rescission,

and the appellants thereupon became obligated to pay the money according to the promise contained in the writing.

Affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

ROOT, J., dissents.